UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TENIKA A. KING                                                                                    PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:12cv395-DPJ-FKB

JACKSON PUBLIC SCHOOL DISTRICT,
DR. JAYNE SARGENT, WILBUR WALTERS,
DR. ROSIE PAYTON, YAVONKA MCGEE,
TONYA BENJAMIN, MICHELLE KING, and
JULIA HARRIS BROWN                                                                        DEFENDANTS

ORDER

This *pro se* employment-discrimination case is before the Court on numerous motions filed by all of the parties. Defendants have filed several motions [11, 18, 38] to dismiss for failure to effect service of process within the time limit set out in Federal Rule of Civil Procedure 4(m). Plaintiff opposes Defendants' dismissal motions by way of her own motions [20, 21, 22, 40] and numerous memoranda. Also pending are several motions [28, 30, 31] related to the recently-set-aside entry of default. The Court, having considered the parties' submissions and the pertinent authorities, finds that Defendants' motions to dismiss are denied and the remaining motions are considered moot.

I.      Facts and Procedural History

Plaintiff filed her lawsuit on June 7, 2012, and was granted permission to proceed *in forma pauperis* (IFP) on June 20, 2012. Order [5]. In the Order granting IFP status, Magistrate Judge F. Keith Ball directed the Clerk of the Court to send Plaintiff summons forms to be returned for service of process by the United States Marshal. *Id.* But for reasons that are unclear, the docket reflects that the Clerk did not mail the summons forms to Plaintiff until November 15, 2012. After receiving IFP status, Plaintiff failed to take any action in her case, and Judge Ball

entered an Order to Show Cause [6] on January 25, 2013.[1] Plaintiff filed a timely response to that Order and attributed her inactivity to injuries culminating in a week-long hospitalization in October 2012, followed by continuing pain and restricted mobility.  Pl.'s Resp. [7].  Thereafter, Plaintiff first effected service on one defendant, Jackson Public School District (JPS), on February 27, 2013.  Plaintiff eventually served the remaining defendants, with the final defendant, Tonya Benjamin, being served around April 25, 2013.[2]

Over a series of motions [11, 18, 38], all Defendants have sought dismissal under Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely effect service of process. Plaintiff has responded in opposition with her own motions [20, 21, 22, 40] not to dismiss and several other filings.  Additionally, Plaintiff moved for a Clerk's entry of default against Defendant Rosie Payton and later filed a motion for default judgment.  Judge Ball, however, set aside that entry of default on May 20, 2013.  Order [37].

II.     Rule 4(m) Motions

Under Federal Rule of Civil Procedure 4(m), if the plaintiff fails to serve a defendant within 120 days of filing suit, a court must either dismiss the action without prejudice or set a deadline for the completion of service.  If the plaintiff demonstrates good cause for the failure to

---

[1] In that Order, Judge Ball noted the docket entry suggesting the summons forms were belatedly sent to Plaintiff.

[2] Plaintiff served Defendant Dr. Rosie Payton on March 8, 2013; Wilbur Walters on April 1, 2013; Julia Harris Brown on April 2, 2013; Dr. Jayne Sargent on April 8, 2013; Yavonka McGee on April 9, 2013; and Michelle King on April 12, 2013.  Defendant Tonya Benjamin, who apparently resides in Michigan, was mailed a copy of the summons and complaint on April 25, 2013, and received it on April 29, 2013.

serve, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

> Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citation and quotations omitted). But "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Id.* (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008)); *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("[T]he plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause.").

There is no dispute that Plaintiff failed to timely serve any defendant within 120 days of filing her suit. That time limitation expired on October 5, 2012. Yet Plaintiff did not serve a single defendant until February 27, 2013, and did not complete service on all defendants until late April 2013—more than ten months after commencement of this suit.

Several factors contributed to the delay. First, according to Plaintiff, she suffered a debilitating ailment beginning in September 2012, a related week-long hospitalization around October 17, 2012, and subsequent convalescence. Second, Plaintiff is proceeding IFP, and the governing statute provides in part: "The officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). In this case, Plaintiff received the necessary summons forms more than a month after Rule 4(m)'s deadline for service had already expired.

3

These events may not fully account for the length of delay, so the good faith question is close. Nevertheless, reason for the delay exists, all Defendants have now been served, and none have alleged any prejudice. Additionally, the docket reflects Plaintiff's newfound responsiveness since entry of the show-cause Order. Thus, to the extent good cause is lacking, the Court exercises its discretion and declines to dismiss Plaintiff's claims against Defendants. *See Rogers v. Kroger Co.*, 669 F.2d 317, 321–22 (5th Cir. 1982) (counseling the consideration of less severe sanctions when effective).

A warning is in order. Although *pro se* litigants are given leeway, they must still comply with the Court's rules and deadlines. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (citation omitted)). Failure to comply with the applicable rules and deadlines may subject Plaintiff to future sanctions, which could include dismissal of her case.

III.   Miscellaneous Motions

Also pending are Plaintiff's Motion for Entry of Default Judgment [28] and motion not to set aside the entry of default [30],[3] and Defendants' motion [31] to strike the latter. Subsequent to these filings, the Court entered an Order [37] setting aside the Clerk's entry of default. Therefore the Court finds that these motions [28, 30, 31] are moot.

---

[3]Although termed a Motion Not to Dismiss or Set Aside Clerk Entry of Default [30], Plaintiff's filing only addresses Defendant Payton's efforts to set aside the entry of default.

IV.     Conclusion

The Court has considered all of the parties' arguments. Those not addressed would not change the result. The Court therefore denies Defendants' motions [11, 18, 38] to dismiss and finds that Plaintiff's motions [20, 21, 22, 40] not to dismiss are moot.  Additionally, the motions related to the entry of default filed by Plaintiff [28, 30] and Defendants [31] are moot.

**SO ORDERED AND ADJUDGED** this the 31st day of May, 2013.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE